UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN LEWIS,

    Plaintiff,

v.                                      Case No. 3:14-cv-383-MCR-HTC

FLORIDA DEPARTMENT
  OF CORRECTIONS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Emergency Motion for Reconsideration. ECF Doc. 45. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, the undersigned respectfully requests the motion be DENIED.

**I.  BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated in a Broward County Jail. Plaintiff initiated this action in 2014 when he was incarcerated at the Santa Rosa County Jail. ECF Doc. 1. Although Plaintiff filed his complaint on the court's forms, his complaint was handwritten and largely illegible, and with exhibits comprised over 200 pages. From

what the undersigned can decipher, Plaintiff was seeking to assert claims against various medical personnel at the jail and Corizon for deliberate indifference to a medical need under the Eighth Amendment. *Id.* Additionally, although Plaintiff sought *in forma pauperis* status, the Court denied his motion because Plaintiff had $20,000 in his inmate account, and thus, the Court ordered Plaintiff to pay the full filing fee. ECF Doc. 6. The Court also ordered Plaintiff to file an amended complaint consistent with the page limitations set forth in the Local Rules. *Id.*

Subsequently, on April 23, 2015, after several extensions of time, Magistrate Judge Kahn issued a report and recommendation for dismissal because Plaintiff failed to comply with the Court's orders. ECF Doc. 25. The District Judge adopted the report and recommendation, and the case was dismissed. ECF Doc. 26. Plaintiff appealed the dismissal, and the Eleventh Circuit initially dismissed the appeal for lack of prosecution but then reinstated the appeal. ECF Docs. 32, 35. (The appeal was assigned case number 15-12929-C.)

In December 2017, the Eleventh Circuit once again dismissed the appeal for lack of prosecution and, once again, reinstated it on May 9, 2018. ECF Docs. 39, 40. On September 28, 2018, the Eleventh Circuit dismissed the appeal, and in doing so, explicitly stated that it was rejecting as frivolous Plaintiff's argument that Local Rule 5.1(J)(3) (requiring complaints to fall within a certain page limitation) was

unconstitutional. ECF Doc. 43 at 4. The Eleventh Circuit issued its mandate on October 29, 2018. ECF Doc. 44.

## II.     THE INSTANT MOTION

Now, nearly two (2) years later, Plaintiff has filed the instant motion for reconsideration. Like many of Plaintiff's filings, the motion is handwritten and difficult to read. Plaintiff opens his motion by claiming that this case was initiated to address "ongoing retaliation within the Florida Department of Corrections." ECF Doc. 45 at 1. He claims that he has completed the sentence for which he was initially incarcerated when he filed this action and that he is now a pretrial detainee in the Broward County Jail. *Id.* He claims that he complied with Judge Kahn's prior orders from September 23, 2014 (requiring payment of fee and filing of amended complaint), and April 6, 2015 (requiring filing of amended complaint). *Id.*

In the remainder of Plaintiff's motion, Plaintiff makes what appears to be very general, vague, and conclusory allegations regarding a variety of matters, such as "someone trying to kill him," complaints about medical issues, and alleged improper conduct by Corizon medical staff, including that they have been using the "wrong procedures to diagnose him." ECF Doc. 45 at 1–2. Additionally, Plaintiff asks that the Court take judicial notice of three suits he has filed in the Southern District of Florida regarding wrongdoing by officials at the Broward County Jail. ECF Doc. 45

at 2.  For relief, Plaintiff seeks to have the Court "open the case" so that he can file an amended complaint.  ECF Doc. 45 at 3.

### III.  RULE 60

Although titled as a motion to reconsider, Plaintiff's motion is really a motion under Federal Rule of Civil Procedure 60 for relief from an order or judgment.  Fed. R. Civ. P. 60.  Under Rule 60, there are six (6) bases on which a court may vacate a judgment.  Those bases are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)–(6).  A Rule 60 motion must be brought within a reasonable time, and if it is based on grounds 1–3, it must be brought no more than one year after judgment.  Fed. R. Civ. P. 60(c)(1).

In Plaintiff's motion, he does not set forth facts or allegations sufficient to find that any of the bases above applies.  While Plaintiff vaguely states that he "found out new things about [his] medical condition," that allegation is insufficient to constitute newly discovered evidence.  First, while information about his medical condition may go to the underlying merits of his claims against the medical providers, his case was not dismissed on the merits; rather, it was dismissed because Plaintiff failed to comply with orders of the Court.  And Plaintiff does not allege that there is any newly discovered evidence that would go to that issue.  Secondly, even

3:14-cv-383-MCR

if the basis for Plaintiff's motion was newly discovered evidence, the motion is untimely as it was brought more than a year after the Eleventh Circuit's mandate affirming the dismissal.

Similarly, Plaintiff does not allege the existence of fraud or mistake. To the contrary, while Plaintiff alleges that he complied with Judge Kahn's orders, the record clearly shows he did not. In fact, the basis of his appeal was that he did not have to comply with Judge Kahn's order requiring him to file a shortened amended complaint. Also, a motion brought based on fraud or mistake would also be untimely. Likewise, Plaintiff does not allege, nor could he, that the judgment is void.

Finally, to the extent Plaintiff seeks to rely on the catcall provision in Rule 60(b)(6), his reliance would be misplaced. "Relief from judgment under Rule 60(b)(6) . . . requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted). No such extraordinary circumstances exist here that would warrant altering a judgment that was entered almost two (2) years ago.

As stated above, the Eleventh Circuit affirmed this Court's judgment of dismissal for Plaintiff's failure to comply with Court orders in October 2018. Consequently, Rule 60 operates as follows:

> [O]nce the judgment has been affirmed on appeal, Rule 60 provides no general exception to the longstanding bar on the trial court's undoing the affirmance based on later presentation of arguments that the challenger presented, or could have presented, in the earlier appeal.

> Something significantly more is required for Rule 60 relief in these circumstances, lest the orderly process of appeal be subverted and do-overs upset the repose that finality provides and divert courts' resources away from the adjudication of fresh claims.

*Talasila, Inc. v. United States*, 524 F. App'x 671, 673 (Fed. Cir. 2013) (internal citations omitted).  Plaintiff has simply not set forth any basis for the relief he seeks.

Accordingly, it is respectfully recommended that the Plaintiff's Emergency Motion to Reconsider be DENIED.

DONE this 11th day of August 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**